[Civ. No. 1383.   Fourth Appellate District.—October 19, 1935.]

CARMELO GUISTI et al., Respondents, v. RALPH CARLOTTI et al., Appellants.

J. Hampton Hoge and Chester O. Hansen for Appellants.

Harold M. Child and Samuel F. Hollins for Respondents.

MARKS, J.—This is an appeal by Ralph Carlotti and Pete Bandoni from a judgment of $2,500 rendered against all defendants because of injuries received by plaintiff Carmelo Guisti while riding in an automobile as a guest of Ralph Carlotti. The automobile was owned by Pete Bandoni and was being driven by Carlotti with the consent of Bandoni. It collided with a truck owned by Frontier Farms, Inc., and driven by its employee, Ross Giffin.

The complaint alleged the intoxication and wilful misconduct of Carlotti, and the negligence of Giffin, as the proximate causes of the accident. The following special interrogatory was submitted to the jury by appellants: "Was defendant Ralph Carlotti intoxicated, as defined in these instructions, at the time of the accident?" This was answered in the affirmative, with one juror voting "no".

Appellants maintain that the evidence was insufficient to support the verdict and judgment. They urge that the evidence shows that Carlotti was not intoxicated but that, if intoxicated, such intoxication was not a proximate cause of the accident. They further urge there was no evidence of wilful misconduct on his part.

The evidence on the question of Carlotti's intoxication is sharply conflicting. No good purpose could be served by detailing it here. It should be sufficient to state that there is ample, competent and material evidence in the record to support the special verdict of the jury and the implied finding by the trial judge when he defined the motions for nonsuit,

for a directed verdict and for a new trial, that Carlotti was intoxicated at the time of the accident.

The contention that the intoxication of Carlotti was not a proximate cause of the accident requires us to consider the evidence bearing on this subject. It is sharply conflicting and we will devote our attention to that part of the evidence tending to support the judgment as we are not concerned with conflicts in the evidence on this appeal.

Dos Palos Avenue is a public highway of Fresno County running in a general northwesterly and southeasterly direction through the town of Mendota. It is intersected at right angles by Derrick Avenue. During the trial the witnesses assumed that these streets ran north and south and east and west. For convenience we will make the same assumption. Dos Palos Avenue has a hard surfaced strip about nineteen feet wide along its center. It has an oiled strip about five feet wide along the east edge, and another seven feet wide along the west edge of the pavement. Derrick Avenue has a hard surfaced strip ranging from twenty-one to twenty-seven feet in width with oiled shoulders on either side, each ranging in width from seven to eleven feet. The four corners of the intersection are not right angles. The edges of the improved portions of the street return towards each other on broad curves forming the corners of the intersection. While the exact figures are not in the record, it appears that all of the intersection is either paved or oiled, and Derrick Avenue for some distance east of Dos Palos Avenue has a paved or oiled surface at least fifty-five feet wide. Boulevard stop signs are placed on Derrick Avenue on both sides of Dos Palos Avenue.

At about 5 o'clock on the afternoon of November 18, 1932, Carlotti, with Mrs. Guisti and G. Carlotti, his father, as his passengers, was driving a Ford coupe north on Dos Palos Avenue approaching the intersection. At the same time the truck driven by Ross Giffin was approaching the intersection from the east on Derrick Avenue. The truck slowed down but did not stop at the east edge of the intersection. It proceeded across the intersection at a speed of from three to five miles an hour. The Ford proceeded on its way and crashed into the center of the truck. When the vehicles came to rest the truck was headed slightly north of west with its front about even with or slightly east of the west edge of the

pavement on Dos Palos Avenue. The Ford had its left wheels slightly west of the center line of that pavement. Giffin testified that when the truck entered the intersection he saw the Ford between one hundred seventy-five and two hundred feet south on Dos Palos Avenue traveling at a speed of not more than forty miles an hour. A majority of the witnesses placed the speed of that car between twenty and thirty-five miles an hour.

With this evidence before them were the jury and the trial judge justified in concluding that the intoxication of Carlotti was a proximate cause of the accident? Plainly there is but one answer to this question. He should have realized his danger when the truck proceeded into the intersection and he was one hundred seventy-five feet away. He could have stopped or so reduced his speed as to permit the truck to clear the east half of Dos Palos Avenue before the Ford arrived. At the time of the collision the rear of the truck was only about five feet east of the center of Dos Palos Avenue. A slight deflection of the course of the Ford to the east would have permitted it to pass safely to the rear of the truck without even approaching the edges of the improved portions of the roads. These simple measures of precaution, and others, should have been clearly evident to any driver in possession of his normal faculties. Carlotti did not avail himself of any of them but continued on his course and blindly drove into the side of the truck. The jury was justified in concluding that his intoxication had so dulled his senses that he either did not see or did not realize the danger in front of him, or if he did, he could not sufficiently control his faculties to avoid it. This is but another way of saying that the jury and the trial judge were fully justified, by the evidence, in concluding that the intoxication of Carlotti was a proximate cause of the accident and of the injury to Mrs. Guisti.

Appellants place considerable reliance on the following testimony of Mrs. Guisti: ''Q. And there was nothing about his driving after you left the service station and up to the time the cars came together that would indicate to you he was intoxicated, was there? A. No.'' This should be construed as nothing more than the expression of an opinion on the part of the witness. She was sick and paying little at-

tention to Carlotti and his driving. She also testified: "Q. He wasn't driving so fast that your attention was attracted to the driving? A. I wasn't looking at all; I was talking to the old man there. When I first look up the truck was right in front of me."

Since we have concluded that the evidence supports the conclusion that Carlotti was intoxicated, and that this intoxication was a proximate cause of the injury of Mrs. Guisti, the judgment must be affirmed. This makes unnecessary any consideration of the question of wilful misconduct.

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.